NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE R. CHANDLER, JR., | ) | No. C 05-2735 PJH (PR) |
| Petitioner, | ) | RULINGS; ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| vs. | ) | |
| DIRECTOR OF CORRECTIONS, | ) | (Docs 2, 3, 9, 11, 13 & 15) |
| Respondent. | ) | |

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254.

Before the court for ruling are respondent's motion to dismiss the case as barred by the statute of limitations and petitioner's motions for leave to file a supplemental pleading, for an evidentiary hearing, to amend the petition, and for judicial notice. The motions are submitted.

*1. Motion to file supplemental pleading and "Motion to Amend"*

In 1999 petitioner was convicted on three counts of rape. With an enhancement for a 1987 conviction for robbery, he was sentenced to prison for twenty years. This petition is directed to the 1999 rape conviction; at the same time he filed this petition, petitioner filed another case, No. C 05-2736 PJH (PR), directed to the 1987 conviction. The court dismissed that case because petitioner was no longer in custody on the 1987 conviction.

In the order of dismissal in C 05-2736 PJH (PR), the court noted that the "in custody" requirement is met if a petitioner files a petition directed to a conviction which was enhanced by the earlier conviction he or she wishes to challenge. *See*

*Lackawanna County District Aty. v. Coss*, 532 U.S. 394, 401-02 (2001). The dismissal was without prejudice to attempting to amend this case to add the claim regarding the 1987 conviction. The court also warned petitioner, however, that although the *Lackawanna* court had concluded that this maneuver satisfies the custody requirement, the Court had also held that such claims cannot be considered in petitions directed to the later conviction as enhanced by the conviction at issue, though for reasons of finality and ease of administration rather than lack of custody. *Id.* at 402-04. He was also told that his claims did not appear to meet the only exception recognized in *Lackawanna*, namely for contentions that a conviction was obtained without counsel in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963), *id.* at 404, and that the Supreme Court in *Lackawanna* had found it unnecessary to decide whether the bar could be avoided by a showing that a petitioner was prevented from litigating the claim earlier by, for instance, the refusal of a state court to consider his claims or because he only discovered compelling evidence of actual innocence after the time for collateral review had passed. *Id.* at 405-06. That is, he was told that may be an exception to the *Lackawanna* bar for prisoners who were prevented from litigating the claim earlier, and was warned that amending would be futile unless he were able to establish that such an exception existed and applied to him.

Petitioner has filed a motion for leave to file a "supplemental" pleading to add the claim regarding the 1987 case.[1] In the motion and the proposed supplemental pleading, however, petitioner makes no effort to show that he was prevented from litigating his claims earlier. Thus, even if that exception does exist, he has not shown that it applies to him, so allowing the supplemental pleading would be futile. The motion will be denied.

---

[1] Because the motion was filed and the court issued its order to show cause at roughly the same time, the court did not rule on the motion in the order to show cause.

2

Petitioner's motion to amend is simply a renewed effort to add the claim regarding the 1987 conviction to this petition. It also does not contain any contention that he was prevented from litigating his claims earlier. It will be denied.

*2. Respondent's motion to dismiss and petitioner's motion for an evidentiary hearing*

Respondent moves to dismiss the petition as barred by the statute of limitations. Petitioner opposes the motion on grounds he is entitled to equitable tolling and that he is actually innocent. He asks for an evidentiary hearing to establish his actual innocence.

*a. Motion to dismiss*

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

Respondent asserts, and petitioner does not dispute, that he was convicted in 1999 and that he abandoned his appeal when it was before the California Court of Appeal. That court dismissed the appeal on June 13, 2000. He then did nothing until he filed a state habeas petition on October 14, 2003. He was engaged in state postconviction proceedings from then until May 11, 2005. This petition was filed on

3

July 5, 2005.

Thus, absent equitable tolling, the statute of limitations expired in June of 2001, long before petitioner filed any state postconviction actions which would statutorily toll the limitations period. Petitioner contends that he is entitled to equitable tolling or that the court should consider his claims because he is actually innocent.

The Ninth Circuit has held that habeas petitioners may be entitled to equitable tolling of the statute of limitations if they show "'extraordinary circumstances' beyond a prisoner's control mak[ing] it impossible to file a petition on time." *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997) (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir.1997)). In *Beeler* the Ninth Circuit Court of Appeals noted that equitable tolling "will not be available in most cases" and expressed its confidence that the district courts would "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *See id.* The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

As grounds for equitable tolling, petitioner contends that for eleven months he believed a state writ had been filed, because his appellate attorney had said in a letter that he would do so; and that for another eleven months he was unable to get to the prison law library because of lockdowns and restrictions on law library access.

Petitioner's direct appeal was final on June 13, 2000, and he did nothing that would support statutory tolling until October 13, 2003, a period of approximately three years and four months. In addition, about two months passed from the completion of state postconviction review and his filing this petition. That is, the petition was filed about forty-two months after the direct appeal was completed, or thirty months late,

4

assuming tolling for the entire period petitioner was pursuing state postconviction remedies.

Petitioner does not contend that the statute began running on any date other than the completion of direct review, so absent tolling, the deadline to file the federal petition was June 13, 2001, one year after completion of direct review. *See* 28 U.S.C. § 2244(d)(1); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (the one-year period is calculated according to the general rule for counting time in federal courts, Rule 6(a) of the Federal Rules of Civil Procedure; this is referred to as the "anniversary method" because, absent any tolling, the expiration date of the limitation period will be the same date as the triggering event but in the following year).

Petitioner has provided a copy of the letter from counsel dated August 12, 2000, which was within the one-year limitations period, which he contends misled him into thinking counsel was going to file a habeas petition. The letter does not, in fact, say that counsel will file a habeas petition, and could not reasonably be read to even imply that. Pet'r opp'n. at ex. D, pp. 5-6. Petitioner is not entitled to equitable tolling on this ground; as a result, his only ground for equitable tolling that occurred within the limitations period is without merit, and he has failed to show that it was impossible for him to file a federal petition by June 13, 2001. The motion to dismiss will be granted for this reason.

Alternatively, even if it is assumed that petitioner is entitled to equitable tolling for both of the eleven-month periods he claims, he still has not shown that it was impossible to file the petition any earlier. The time periods at issue took up only twenty-two of the forty-two months it took petitioner to file the petition. The time it took him to get the petition on file, disregarding the twenty-two months which he claims to be equitably tolled, shows that it was not the two grounds for equitable tolling which caused him to be late. *See Spitsyn*, 345 F.3d at 799 (petitioner claiming equitable tolling must show causation).

The equitable tolling claim is without merit.

Petitioner also contends that he is "actually innocent." The actual innocence gateway established in *Schlup v. Delo*, 513 U.S. 298 (1995), may be available to a petitioner whose petition is otherwise barred by AEDPA's limitations period. *See Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002) (implying that unavailability of actual innocence gateway would raise serious constitutional concerns and remanding to district court for a determination of whether actual innocence claim was established before deciding whether gateway is available under AEDPA). Although the court in *Majoy* did not hold that the actual innocence gateway is an exception to the statute of limitations, that clearly was the inclination of the court. *Id.* at 778 (noting the Supreme Court's recognition of the "interplay between statutory language and judicially managed equitable considerations" in habeas, *Schlup* at 319 n. 35, and citing cases for the propositions that dismissal of a first habeas petition is particularly serious and that the purpose of the writ is to remedy conviction of an innocent person). For purposes of this order this court will assume that actual innocence, if established according to the *Schlup* standard, would avoid the statute of limitations bar.

The "actual innocence" or "miscarriage of justice" exception arose in the context of procedural bars: If a state prisoner cannot meet the cause and prejudice standard to escape a procedural bar, a federal court may still hear the merits of the successive, abusive or procedurally defaulted claims if failure to hear the claims would constitute a "miscarriage of justice." *See Sawyer v. Whitley*, 505 U.S. 333, 339-340 (1992) (citations omitted); *see also Majoy*, 296 F.3d at 776-77. In the traditional understanding of habeas corpus, a "miscarriage of justice" occurs whenever a conviction or sentence is secured in violation of a constitutional right. *See Smith v. Murray*, 477 U.S. at 543-44. However, the Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show that "a

constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. at 496); *see, e.g., Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001) (petitioner must establish factual innocence in order to show that a fundamental miscarriage of justice would result from application of procedural default). Under this exception, a petitioner may establish a procedural "gateway" permitting review of defaulted claims if he or she demonstrates "actual innocence." *Schlup*, 513 U.S. at 316 & n.32. Thus,

> [i]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim.

*Id.* at 316.

"To be credible, such an actual innocence claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The "new" evidence need not be newly available, just newly presented -- that is, evidence that was not presented at trial. *Griffin v. Johnson*, 350 F.3d 956, 961 (9th Cir. 2003).

It is not enough that the new evidence show the existence of reasonable doubt; rather, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." *Schlup*, 513 U.S. at 329. As the Ninth Circuit has stated, "the test is whether, with the new evidence, it is more likely than not that no reasonable juror would have found [p]etitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001). Thus, "actual innocence" means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer*, 505 U.S. at 339).

In this case petitioner argues that errors of constitutional dimension occurred:

"IAC claims, Denial of the right to jury trial, Denial of the right to Constitutional Discloser, Insufficient Evidence, etc." Pet'r Opp'n at 5. He says that he will be able to prove these if given an evidentiary hearing. These assertions, however, are conclusory; he does not say what *facts* he would show that would establish his actual innocence, and indeed most of his claims are technical legal claims, not claims of actual innocence. That is, his allegations in support of his actual innocence claim are of legal insufficiency, not factual innocence. He thus has failed to allege that there exist facts which would suffice to prove his actual innocence. *See Bousley*, 523 U.S. at 623-24. For that reason he is not entitled to an evidentiary hearing or the benefit of the actual innocence exception, assuming there is one.

The motion to dismiss will be granted.

## CONCLUSION

1. Petitioner's motion for an order to show cause (doc 2) is DENIED as moot. His motions to supplement the petition (doc 3) and to amend it (doc 13) are DENIED for the reasons set out above. Petitioner's motion for judicial notice (doc 15), which goes to the merits of his petition, is DENIED as moot.

2. Petitioner's motion for an evidentiary hearing on his equitable tolling and actual innocence claims (doc 11) is DENIED. Respondent's motion to dismiss (doc 9) is GRANTED. The petition is DISMISSED. The clerk shall close the file.

IT IS SO ORDERED.

DATED: February 7, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\CHANDLER735.DSM